# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| JERRY NELSON, as Personal Representative of the Estate of EDDIE LEE NELSON, JR., Deceased, and MICHELE DUSHANE, as Surviving Spouse, | * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CIVIL ACTION NO. |
| SHERIFF DONNA TOMPKINS, CHIEF DEPUTY TROY CULPEPPER, COMMANDER LARRY MITCHELL, and CAPTAIN GLENDA HALL, | * * * * * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Jerry Nelson and Michele DuShane and hereby file their Complaint for damages against Defendants as follows:

### INTRODUCTION

1.

This is a 42 U.S.C. §1983 federal civil rights action for the wrongful death of Plaintiffs' decedent in the Columbus-Muscogee County jail. Plaintiffs allege that Defendants and others under their command were deliberately indifferent to a

known risk of serious harm to Eddie Nelson, Jr., a mentally ill inmate who was Caucasian, by placing him in a cell with a mentally African-American inmate who had confessed to stabbing someone because he wanted to kill white people, and who in fact killed Mr. Nelson as a proximate result of said deliberate indifference by jail officials, as well as their deliberate indifference to the serious mental health needs of both inmates, in violation of the Fourteenth and/or Eighth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose within the boundaries of the Columbus Division of the Middle District of Georgia, and on the further grounds that Plaintiffs and one or more Defendants are domiciled within said District and Division.

4.

All parties herein are subject to the jurisdiction of this Court.

**PARTIES**

5.

Plaintiff Jerry Nelson is the brother of Eddie Lee Nelson, Jr., deceased, who is in the process of making application to the Probate Court of Muscogee County to be appointed Administrator of his brother's estate.  As personal representative of the estate, he is the proper person to bring an action to recover compensation for the decedent's pain and suffering, for punitive damages, and for funeral, medical and other necessary expenses

6.

Plaintiff Michele DuShane was legally married to Eddie Lee Nelson, Jr. at the time of his death, and as such, is the proper person under the Georgia Wrongful Death Act to bring suit for his wrongful death.

7.

Defendant Donna Tompkins is the duly elected sheriff of Muscogee County, Georgia who is sued in her individual capacity and is subject to the jurisdiction of this Court.  As sheriff, she is responsible for the operation of the Muscogee County Jail and the safety and wellbeing of the inmates housed there, and she has

supervisory authority over the jail staff.

8.

Defendant Troy Culpepper is the Chief Deputy of the Muscogee County Sheriff who is sued in his individual capacity and is subject to the jurisdiction of this Court. As Chief Deputy, he is responsible for assisting the sheriff in the performance of her duties and has supervisory authority over the jail staff.

9.

Defendant Larry Mitchell is the Commander of the Muscogee County Jail who is sued in his individual capacity and is subject to the jurisdiction of this Court. As Jail Commander, he is responsible for the day-to-day operations of the jail under authority delegated by the sheriff and has direct supervisory authority over the jail staff.

10.

Defendant Glenda Hall is the Captain in charge of the Security Division of the Muscogee County Jail who is sued in her individual capacity and is subject to the jurisdiction of this Court. As Captain over the Security Division, she is responsible for overseeing jail security under authority delegated by the Sheriff and Jail Commander and has direct supervisory authority over jail staff.

11.

Plaintiffs intend to identify additional Defendants whose deliberate indifference contributed to causing the death of Eddie Lee Nelson, Jr., including but not limited to deputies, jailers, or medical staff members who were responsible for the fact that Mr. Nelson and the inmate who killed him were tragically housed together, who failed to properly monitor them and check on their wellbeing, and who failed to intervene to prevent Nelson's violent death. Said Defendants will be added by amendment once their identities have been ascertained through discovery.

12.

At all times relevant herein, the above-named Defendants acted under color and authority of state law for purposes of the federal constitutional claims against them.

**FACTS**

13.

At approximately 2:30 A.M. on September 5, 2020, Eddie Nelson, Jr. – who was being held in the Muscogee County Jail for violating terms of probation – was pronounced dead after having been bludgeoned to death by a fellow inmate in a holding cell.

14.

The inmate who beat him to death was a mentally unbalanced young man named Jayvon Hatchett who had been arrested for stabbing an AutoZone employee multiple times because of the color of his skin, and who told officers at the time of his arrest that he had fantasized about killing white men after watching Facebook videos where white police officers had killed black suspects.

15.

When Mr. Hatchett was brought to court to answer the charges against him, his statements about wanting to kill white people were aired in open court and were picked up by local news media and became viral on social media. Consequently, the Defendants – along with much of the population of Columbus, Georgia and probably all employees of the Muscogee County Sheriff's Office and Jail – were aware of Hatchett's alleged hate crime and his threats to kill white people.

16.

After hearing the testimony of the officers in open court, the judge denied bail to Mr. Hatchett and ordered that he undergo psychiatric evaluation because it was not safe to release him to the community – after which he was returned to the

Muscogee County Jail where the Defendants were fully aware of his status and the risk that he posed to white people, including other inmates.

17.

Despite the fact that Hatchett was a hate crime suspect and Nelson was a member of the very racial that he had targeted with his hate crime and his threats of violence, and despite the fact that Defendants were aware of Hatchett's history and stated intention to kill white people, Defendants or others under their command caused the two inmates to be housed together after.

18.

The fact that Defendants and others under their command had actual knowledge of the serious risk of harm that Hatchett posed to white inmates, coupled with the fact that they failed to take action to protect Nelson or other white inmates from Hatchett, amounts to deliberate indifference to a known risk of serious harm that foreseeably led to Nelson's death at the hands of Hatchett.

19.

The fact that Defendants and others under their command had actual knowledge of Hatchett's mental instability yet failed to ensure that he was isolated from other inmates and kept under constant supervision or medical observation amounted to deliberate indifference to Hatchett's serious medical and psychiatric

needs which proximately caused Hatchett to have a violent outburst and beat Nelson to death without being interrupted by anyone on the jail staff.

20.

Whoever was responsible for Hatchett and Nelson being housed together was deliberately indifferent to the psychiatric needs of both inmates, since they were both assigned to a mental health section and should have been kept apart and under observation.

21.

As supervisors, the above-named Defendants are liable for the unconstitutional conduct of those under their supervision because they themselves were deliberately indifferent to the serious danger and security risk posed by a high-profile violent inmate and failed to ensure that their subordinates acted appropriately given the highly publicized nature of said risk.

22.

Said deliberate indifference on the part of Defendants and others to be named by amendment proximately caused the death of Eddie Nelson, Jr.

## THEORIES OF LIABILITY

### COUNT ONE: FOURTEENTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS RISK OF HARM

23.

The aforementioned deliberate indifference of Defendants to a known risk of serious harm to inmates in their custody constituted a violation of the Fourteenth Amendment, or alternatively the Eighth Amendment.

24.

Because the above described conduct of Defendants violated clearly established law of which a reasonable jail official should have known, Defendants are not entitled to qualified immunity.

## COUNT TWO:
## FOURTEENTH AMENDMENT CLAIM FOR
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

25.

The aforementioned deliberate indifference of Defendants to the serious medical needs of mentally ill inmates in their custody, including the psychiatric needs of both Hatchett and Nelson, constituted a violation of the Fourteenth Amendment, or alternatively the Eighth Amendment.

26.

Because the above described conduct of Defendants violated clearly established law of which a reasonable jail official should have known, Defendants are not entitled to qualified immunity.

## DAMAGES

27.

As a direct and proximate result of the aforementioned unconstitutional, and unlawful misconduct of the Defendants, Plaintiffs' decedent died a premature death and experienced significant conscious pain and suffering in the horrific moments leading up to his death, and his estate incurred funeral and other necessary expenses, for which Plaintiffs are entitled to recover the full value of the life of the decedent as well as compensatory damages for the aforesaid losses and injuries in an amount to be proven at trial and determined by a fair and impartial jury.

28.

The aforementioned conduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against Defendants.

29.

Plaintiffs are entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE Plaintiffs demand as follows:

a)   That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiffs and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiffs be awarded reasonable attorney's fees and expenses of litigation by the Court;

d) That all costs of this action be taxed against Defendants; and

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 7th day of September, 2020.

> */s/ Craig T. Jones*
> CRAIG T. JONES
> Ga. Bar No. 399476
> Attorney for Plaintiffs

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com