IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JERRY NELSON, *as personal*          *
*representative of the Estate of*
*Eddie Lee Nelson, Jr.*, and         *
MICHELE DUSHANE, *as surviving*
*spouse of Eddie Lee Nelson, Jr.*,   *

    Plaintiffs,                    *

vs.                                  *    CASE NO. 4:20-CV-213 (CDL)

CORRECTHEALTH MUSCOGEE, LLC,         *
CORRECTHEALTH LLC, OFFICER
KEYVON SELLERS, and NURSE            *
KIMBERLY BRAXTON,
                                     *
    Defendants.

_____        *

## O R D E R

The Court denied Keyvon Sellers's summary judgment motion in December 2022. The Eleventh Circuit affirmed, and the mandate issued in March 2024. Sellers now seeks reconsideration of the summary judgment order, arguing that there was a recent change in the controlling law and that under the new law he is entitled to qualified immunity. For the reasons explained below, Sellers's motion for reconsideration (ECF No. 226) is denied.

## DISCUSSION

Eddie Lee Nelson was a pretrial detainee in the Muscogee County Jail when his cellmate, Jayvon Hatchett, killed him. Plaintiffs assert a claim under 42 U.S.C. § 1983 against Keyvon Sellers, a corrections officer, contending that he was

deliberately indifferent to a known, substantial risk of serious harm posed by Hatchett.  The Court concluded that genuine fact disputes existed "on whether Sellers violated Nelson's Fourteenth Amendment rights by disregarding a known substantial risk of serious harm." *Nelson v. CorrectHealth Muscogee, LLC*, 644 F. Supp. 3d 1359, 1369-70 (M.D. Ga. 2022).  The Court further found that Sellers was not entitled to qualified immunity.  *Id.* at 1370.

The Eleventh Circuit affirmed.  *Nelson v. Tompkins*, 89 F.4th 1289 (11th Cir. 2024).  First, the Eleventh Circuit concluded that the summary judgment record "establishe[d] more than 'some unspecified risk of harm'" because Sellers knew that Hatchett was in custody for the "unprovoked stabbing of a random white man solely because of the man's race," which "evidenced the *deadly* risk he posed to a *white* detainee." *Id.* at 1297 (11th Cir. 2024) (quoting *Marbury v. Warden*, 936 F.3d 1227, 1238 (11th Cir. 2019)). Second, the Eleventh Circuit found that a jury "could reasonably infer that Sellers *knew* of the obvious risk of serious harm Hatchett posed to Nelson" but disregarded it.  *Id.* at 1298.  Third, the Eleventh Circuit concluded that the record "would permit a reasonable jury to find the 'necessary causal link' between Sellers's inaction and Nelson's death." *Id.* at 1298 (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 622 (11th Cir. 2007)).  Finally, the Eleventh Circuit found that "Sellers had fair warning that it was unconstitutional not to prevent the

placement of a white detainee alone in a cell with another detainee who, the day before, stabbed a stranger solely for being white." *Id.* at 1299.

Sellers now seeks reconsideration of the summary judgment order. Upon receiving the appellate court's mandate, a district court is bound to follow the holdings of the Court of Appeals unless "an intervening change in the controlling law dictates a different result." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985). Here, Sellers contends that the July 10, 2024 *en banc* opinion in *Wade v. McDade* presents a significant change in the controlling law and dictates a different result in this case: qualified immunity for Sellers. *Wade*, No. 21-14275, 2024 WL 3354963 (11th Cir. July 10, 2024).

Before *Wade*, the Eleventh Circuit had a "deep and entrenched intracircuit split" regarding the mens rea element of an Eighth Amendment deliberate indifference claim.[1] *Id.*, 2024 WL 3354963, at *1. One standard required a plaintiff to prove that a prison official acted with "more than *mere* negligence," while the other required proof that the official acted with "more than *gross* negligence." *Id.* Both inconsistent standards appear to have developed in cases like *Wade*, where the plaintiff claimed that

---

[1] Nelson was a pretrial detainee at the time of his death, so Plaintiffs' § 1983 claim is under the Fourteenth Amendment. "Deliberate indifference claims made under the Fourteenth Amendment are held to the same standards as deliberate indifference claims made under the Eighth Amendment." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1304-05 (11th Cir. 2023).

prison officials were deliberately indifferent to an inmate's serious medical needs. *Compare McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (finding that *Estelle v. Gamble*, 429 U.S. 97 (1976), required "more than mere negligence" to establish deliberate indifference in a serious medical needs case) *with Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (adopting "subjective recklessness" standard for deliberate indifference cases arising from an officer's failure to protect an inmate from known risks presented by other inmates). In *Wade*, the Eleventh Circuit repudiated these inconsistent standards and explained that under the Supreme Court's decision in *Farmer*, the correct mens rea standard for all deliberate indifference cases is criminal recklessness. *Id.*, 2024 WL 3354963, at *2. To meet this requirement, a plaintiff must show that the officer "was subjectively aware that his own conduct put the [inmate] at substantial risk of serious harm." *Id.*

Sellers acknowledges that the Court did not expressly apply one of the now-repudiated negligence standards in its summary judgment order. He appears to contend that because the Court did not quote *Farmer*'s criminal recklessness standard, the Court must have applied a negligence standard. But the Court found that a jury could conclude that Sellers knew that Hatchett posed a specific risk of serious harm to white inmates but did nothing to make sure a classification officer or mental health evaluator

received this information so they could place Hatchett appropriately. The Eleventh Circuit agreed. In fact, in its opinion affirming the summary judgment order, the Eleventh Circuit expressly stated that the subjective component for deliberate indifference "requires evidence that the defendant officer 'actually (subjectively) knew' of the risk to the plaintiff inmate" and that the "standard is one of 'subjective recklessness as used in the criminal law.'" *Nelson*, 89 F.4th at 1297 (first quoting *Mosley v. Zachery*, 966 F.3d 1265, 1270-71 (11th Cir. 2020); then quoting *Farmer*, 511 U.S. at 839-40). The Eleventh Circuit concluded that Plaintiffs met this standard because the record would permit a jury to find "that Sellers *knew* of the obvious risk of serious harm Hatchett posed to Nelson" and unreasonably failed to act. *Id.* at 1298. Accordingly, the Eleventh Circuit found that the summary judgment record viewed in the light most favorable to Plaintiffs meets the "new" mens rea standard explained in *Wade*. *Wade* thus does not announce a change in the controlling law that dictates a different result in this case, so the Court denies Sellers's motion for reconsideration (ECF No. 226).

IT IS SO ORDERED, this 25th day of July, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA