IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JERRY NELSON, *as personal representative of the Estate of Eddie Lee Nelson, Jr.*, and MICHELE DUSHANE, *as surviving spouse of Eddie Lee Nelson, Jr.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>CORRECTHEALTH MUSCOGEE, LLC, *et al.*,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   CASE NO. 4:20-CV-213 (CDL)<br>*<br>*<br>*<br>* |

O R D E R

Eddie Lee Nelson, Jr. was a pretrial detainee at the Muscogee County Jail when his cellmate killed him. Plaintiffs are the administrator of his estate and his surviving spouse. Plaintiffs assert that an intake nurse at the jail named Kimberley Braxton knew the cellmate was likely to cause bodily harm to others but did not take any action to prevent him from doing so. Plaintiffs brought state law claims against Braxton and her employer. Plaintiffs originally named CorrectHealth Muscogee, LLC as a defendant and asserted that it was Braxton's employer. Plaintiffs later added CorrectHealth, LLC as a defendant, and they claim that it was also Braxton's employer. CorrectHealth Muscogee, LLC filed a summary judgment motion, asserting that it was not Braxton's

employer. As discussed below, the Court denies the motion (ECF No. 240).

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

There is no dispute that Braxton worked for CorrectHealth, LLC: Braxton accepted a job offer from CorrectHealth, LLC, and her W-2 for the relevant timeframe shows her employer as CorrectHealth, LLC. CorrectHealth Muscogee, LLC—not CorrectHealth, LLC—had an agreement with the Muscogee County Sheriff to provide healthcare services to inmates at the Muscogee County Jail. *See* Def.'s Mot. Summ. J. Ex. 62, Health Services Agreement, ECF No. 240-3. Under the Health Services Agreement, CorrectHealth Muscogee, LLC agreed

2

to provide certain healthcare services for Jail inmates, including intake screening and nursing care. *Id.* § 1.2. CorrectHealth Muscogee, LLC undertook the obligation to "provide medical and support personnel reasonably necessary for the rendering of healthcare services to inmates at the" jail, and it agreed that the medical providers it provided to work in the Jail would meet certain deadlines for health assessments, intake screenings, and sick call requests. *Id.* §§ 1.7, 2.1.

The Health Services Agreement states that to meet its obligations, CorrectHealth Muscogee, LLC would "engage certain health care professionals as independent contractors rather than as employees" and that although CorrectHealth Muscogee, LLC would not exercise control over how the healthcare personnel practiced medicine, it would "exercise administrative supervision" over the medical professionals to ensure that CorrectHealth Muscogee, LLC met its obligations to provide healthcare for Jail inmates. *Id.* § 2.5. The Agreement also requires CorrectHealth Muscogee, LLC to ensure that "each agent and subcontractor," including any "nurses performing duties as agents or independent contractors" was covered by professional liability insurance. *Id.* §§ 2.5, 8.1. The Agreement further provides that if the Jail's command staff expressed dissatisfaction with one of the providers CorrectHealth Muscogee, LLC provided to the Jail, then CorrectHealth Muscogee, LLC would work with the Jail to resolve the problem and, if

3

necessary, remove the provider from the assignment and find a replacement. *Id.* § 2.3. If there was a contract between the two CorrectHealth entities regarding the assignment of CorrectHealth, LLC employees to satisfy CorrectHealth Muscogee, LLC's contractual obligations at the Jail, neither side clearly pointed to it.

## DISCUSSION

CorrectHealth Muscogee, LLC argues that it cannot be vicariously liable for Braxton's conduct because it was not her employer. CorrectHealth Muscogee, LLC emphasizes that it did not have an employment contract with Braxton, it called the medical professionals it sent to the Jail "independent contractors," and it did not retain authority to supervise how the providers perform their "professional medical duties." *Id.* § 2.5. Plaintiffs argue that there is sufficient evidence for a jury to find that CorrectHealth Muscogee, LLC maintained enough control over Braxton's work at the Jail for Braxton to be an agent of CorrectHealth Muscogee, LLC or a dual agent of both CorrectHealth entities.

Under Georgia law, an employer is generally not liable for torts committed by an independent contractor—an "employee [who] exercises an independent business and in it is not subject to the immediate direction and control of the employer." O.C.G.A. § 51-2-4. But an employer may be liable for negligence of its contractor if "the wrongful act is the violation of a duty imposed

4

by express contract upon the employer" or if "the employer retains the right to direct or control the time and manner of executing the work." O.C.G.A. § 51-2-5(3), (5). Neither side referenced these statutes in their briefs. Plaintiffs did not expressly argue that Braxton violated a duty imposed on CorrectHealth Muscogee, LLC by express contract, but Plaintiff does contend that an agency relationship existed between CorrectHealth Muscogee, LLC and Braxton under which CorrectHealth Muscogee, LLC had the right to control key aspects of Braxton's work at the Jail.

An agency relationship "arises wherever one person, expressly or by implication, authorizes another to act for him." O.C.G.A. § 10-6-1. So, an agency relationship exists if a contract "gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract." *Kids R Kids Int'l, Inc. v. Cope*, 769 S.E.2d 616, 618 (Ga. Ct. App. 2015) (quoting *Pizza K, Inc. v. Santagata*, 547 S.E.2d 405, 406 (Ga. Ct. App. 2001)). A person may be an agent or employee of more than one employer if both employers exercise sufficient control over the employee's work. *Enviromediation Servs., LLC v. Boatwright*, 568 S.E.2d 117, 120 (Ga. Ct. App. 2002). In *Boatwright*, for example, there was enough evidence for a jury to conclude that a truck driver was an agent of both his direct employer and the contractor defendant that arranged for the employer to supply trucks and

5

drivers for a project because there was evidence that the contractor defendant directed how the drivers did several aspects of their work and had the power to decide whether a particular driver could work on the job. *Id.*

In support of its argument that Braxton was not its agent, CorrectHealth Muscogee, LLC points to *Cope*, which examines the "special relationship" between a franchisor and franchisee. *Cope*, 769 S.E.2d at 618 (quoting *DaimlerChrysler Motors Co.,v. Clemente*, 668 S.E.2d 737, 745 (Ga. Ct. App. 2008)). In that context, if a franchisor does not reserve any right to control the time, manner or method in which its franchisee's employees execute the requirements of the franchise agreement, then the franchisee is not the franchisor's agent.[1] Here, in contrast, CorrectHealth Muscogee, LLC sent medical contractors to perform specific functions at the Jail, but it did so with serious strings attached. Specifically, it reserved the right to "exercise administrative supervision" of the medical personnel so it could "insure the strict fulfillment of" its obligations to provide medical services

---

[1] In a footnote, CorrectHealth Muscogee, LLC also cited *Webb v. Day*, 615 S.E.2d 570, 572 (Ga. Ct. App. 2005), which is not a franchisor-franchisee case. In Webb, a farm hired a contractor to build a structure on its property. The contractor rented a forklift. After the contractor left the site one afternoon, a farm worker borrowed the forklift and convinced the plaintiff to trim some tree limbs while standing on a plywood platform attached to the forklift's forks. The plaintiff fell and was injured, and he argued that the farm worker who borrowed the forklift was the contractor's agent. But there was no agency relationship because there was no evidence that the contractor had the right to control the time and manner of the farm worker's work. *Id.*

to Jail inmates.  Health Services Agreement § 2.5.  CorrectHealth Muscogee, LLC also retained responsibility for resolving problems that Jail command staff had with the medical personnel it sent to the Jail, including the ultimate right to remove medical personnel with whom the Jail command staff became dissatisfied.  Under these circumstances, the Court finds that there is a jury question on whether CorrectHealth Muscogee, LLC exercised sufficient control over Braxton to be vicariously liable for her conduct.

## CONCLUSION

For the reasons explained above, the Court denies CorrectHealth Muscogee, LLC's summary judgment motion (ECF No. 240).

IT IS SO ORDERED, this 14th day of November, 2024.

<u>S/Clay D. Land</u>
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

7